IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **NANCY M. SIFERD**<br>1907 Park Street<br>Findlay, Ohio 45840<br><br>                                    Plaintiff,<br>v.<br><br>**HANCOCK COUNTY AGENCY ON AGING, INC.**<br>339 E. Melrose Avenue<br>Findlay, Ohio 45840<br>                                    Defendant. | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* | Case No.<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND<br>ENDORSED HEREON**<br><br>Francis J. Landry   (0006072)<br>**WASSERMAN, BRYAN, LANDRY<br> & HONOLD, LLP**<br>300 Inns of Court Building<br>405 N. Huron Street<br>Toledo, Ohio 43604<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorney for Plaintiff<br>Nancy M. Siferd |
| *     *     *     *     *     *     *     * | | |

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202. This is an action for a violation of the Age Discrimination in Employment Act, 29 U.S.C. Sections 621 et seq. for a termination from employment that was discriminatory on the basis of age. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of

employment in violation of the Age Discrimination in Employment Act (ADEA). Plaintiff also brings an action pursuant to the Americans with Disabilities Act and its amendments, the ADAAA pursuant to 42 U.S.C. Sections 12101 et seq.  Plaintiff states that on or about June 26, 2013, she timely filed a charge of discrimination on the bases of age and disability with the United States Equal Employment Opportunity Commission, Charge No. 22A-2013-02614C.  A copy of this charge is hereto annexed as Exhibit "A" and incorporated by reference and made a part hereof. Plaintiff states that on June 11, 2014, the District Director of the Equal Employment Opportunity Commission issued to Plaintiff a Notice of Right to Sue advising her of her right to file suit in an appropriate Federal Court within ninety (90) days of her receipt of said notice.  Plaintiff states that she received this notice on or after June 12, 2014.

## PARTIES

2.      Plaintiff, Nancy M. Siferd, is a white female citizen of the United States, seventy-three (73) years of age and a resident of the City of Findlay, and the County of Hancock, State of Ohio, who was employed by Defendant from January 27, 2010 until her termination on March 21, 2013.  At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Age Discrimination in Employment  Act and the Americans with Disabilities Act in that Plaintiff the Defendant employed more than twenty (20) employees at all times during her employment and subsequent thereto.

3.      Plaintiff states that the Defendant is an employer within the meaning of the Age Discrimination in Employment Act. Defendant is a  corporation organized under Ohio law

with its headquarters and principal place of business in the City of Findlay, County of Hancock, State of Ohio.  Defendant at all times had more than twenty (20) employees.  Defendant offers programs and services for senior adults.

## NATURE OF THE CASE

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of her employment.  Plaintiff alleges that in terminating her, the Defendant did so in violation of the Age Discrimination in Employment Act.

## FIRST CLAIM FOR RELIEF

5. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through four (4) of this Complaint, supra, by reference in its entirety as if fully restated herein.

6. Plaintiff is seventy-three years of age and in the age group protected by the Age Discrimination in Employment Act.  Plaintiff began working for Defendant on January 27, 2010.  Prior to her being hired, Plaintiff was a volunteer for Defendant for fifteen years.  Plaintiff was employed by Defendant as a fitness center assistant and at all times was meeting or exceeding her employer's expectations.

7. Plaintiff states that on March 21, 2013, she was terminated allegedly because she was no longer needed. This was told to Plaintiff by the new director after the director told Plaintiff that she would be required to begin work at 5:00AM and after Plaintiff expressed concerns over her being out at her age and over the fact that it was a safety issue.  Subsequent to Plaintiff's termination the Defendant hired an employee many years younger that Plaintiff to replace her and had engaged in a pattern of eliminating older employees in its work force. In

January of 2013, the Defendant had also promoted a significantly younger employee to the position of Fitness Center Coordinator over Plaintiff.

8. At the time of her termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations and was a highly rated and skilled employee.

9. Plaintiff states that in terminating her employment, the Defendant violated and willfully violated the Age Discrimination in Employment Act (ADEA) in violation of 29 U.S.C. Sections 621 et seq.

10. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Americans with Disabilities Act

11. Plaintiff incorporates each and every allegation contained in paragraphs One (1) through ten (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12. Plaintiff states that at and prior to her discharge, she was a disabled individual within the meaning of the Americans with Disabilities Act, 42 U.S.C. Sections 12101 et seq. Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled.  Although disabled, Plaintiff states that she could and can safely and substantially perform the essential functions of her job with or without an accommodation.  Plaintiff suffered from conditions of emphysema, COPD, pvc's and sleep apnea.

13. Plaintiff states that her conditions, set forth supra, significantly affected major life activities, including but not limited to sleeping, breathing, and working and a wide range of everyday activities.  Plaintiff states that the Defendant was at all times material hereto aware of her medical issues. Plaintiff was and is a qualified person with a disability within the meaning of the ADA.

14. Plaintiff states that on March 21, 2013, she was terminated allegedly because she was no longer needed. This was told to Plaintiff by the new director after the director told Plaintiff that she would be required to begin work at 5:00AM and after Plaintiff expressed concerns over her being out at her age and over the fact that it was a safety issue.  Subsequent to Plaintiff's termination the Defendant hired an employee many years younger than Plaintiff to replace her and had engaged in a pattern of eliminating older non disabled employees in its work force.

15. Plaintiff states that in terminating her employment, the Defendant violated and/or intentionally violated  42 U.S. C. Section 12101 et seq. and in particular12112(a),  made actionable pursuant to 42 U.S.C. Section 12117.

16. As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF
**Disability Discrimination—Ohio Revised Code Sections 4112.02(A) and 4112.99**

17. Plaintiff incorporates each and every allegation contained in paragraphs One (1)

through sixteen (16) of this Complaint, supra, by reference in its entirety as if fully restated herein.

18.     Plaintiff states that at and prior to her discharge, she was a disabled individual within the meaning of the Ohio Revised Code Section 4112.01(a)(13).  Alternatively, Plaintiff was disabled on the basis of her record of medical impairments and because she was perceived by defendant as being disabled.  Although disabled, Plaintiff states that she could and can safely and substantially perform the essential functions of her job with or without an accommodation.  Plaintiff suffered from conditions of emphysema, COPD, pvc's and sleep apnea.

19.     Plaintiff states that her conditions, set forth supra, significantly affected major life activities, including but not limited to sleeping, breathing, and working and a wide range of everyday activities.   Plaintiff states that the Defendant was at all times material hereto aware of her medical issues. Plaintiff was and is a qualified person with a disability within the meaning of Ohio Revised Code Chapter 4112.

20.     Plaintiff states that on March 21, 2013, she was terminated allegedly because she was no longer needed. This was told to Plaintiff by the new director after the director told Plaintiff that she would be required to begin work at 5:00AM and after Plaintiff expressed concerns over her being out at her age and over the fact that it was a safety issue.  Subsequent to Plaintiff's termination the Defendant hired an employee many years younger that Plaintiff to replace her and had engaged in a pattern of eliminating older non disabled employees in its work force.

15.     Plaintiff states that in terminating her employment, the Defendant violated and/or

6

intentionally violated Section 4112.02(A) of the Ohio Revised Code made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

16.     As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to her position and judgment against Defendant for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment, her lost back and future wages, and fringe benefits plus her costs, interest and reasonable attorney fees.  In the alternative, Plaintiff seeks an award of front pay in lieu of reinstatement. Plaintiff also seeks an amount of liquidated damages equal to her damages and her costs and attorneys fees all together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

       Respectfully submitted,

       **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

       _____s/Francis J. Landry_____
       Francis J. Landry, Attorney for
       Plaintiff, Nancy M. Siferd

## **JURY DEMAND**

Plaintiff demands a jury trial as to all issues so triable in the within cause.

s/Francis J. Landry<br>
Francis J. Landry